*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0084p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: SULZER ORTHOPEDICS AND KNEE PROSTHESIS
PRODUCTS LIABILITY LITIGATION.

---

CERTIFIED CLASS,

                              *Plaintiffs,*

LINDA MEDIATE (03-4325/4518; 04-3360); CECEE
C. KANE and JOSEPH P. KANE (03-4519;
04-3293/3361),

                          *Plaintiffs-Appellants,*

          *v.*

SULZER MEDICA et al.,

                        *Defendants-Appellees,*

SULZER SETTLEMENT TRUST,

                             *Appellee.*

Nos. 03-4325/4518/4519;
04-3293/3360/3361

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-09000—Kathleen McDonald O'Malley, District Judge.

Argued: September 23, 2004

Decided and Filed: February 22, 2005

Before: MARTIN, COLE, and GIBBONS, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Bonnie I. Robin-Vergeer, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., for Appellants. Irene C. Keyse-Walker, TUCKER, ELLIS & WEST, Cleveland, Ohio, for Appellees. **ON BRIEF:** Bonnie I. Robin-Vergeer, Brian Wolfman, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., Thomas J. Brandi, LAW OFFICES OF THOMAS J. BRANDI, San Francisco, California, Kevin P. Mahoney, ROBERTS & MAHONEY, Spokane, West Virginia, for Appellants. Irene C. Keyse-Walker, TUCKER, ELLIS & WEST, Cleveland, Ohio, David W. Brooks, Harvey L. Kaplan, SHOOK, HARDY & BACON, Kansas City, Missouri, Cullen D. Seltzer, BROWN GREER, Richmond, Virginia, for Appellees.

1



## OPINION

BOYCE F. MARTIN, JR., Circuit Judge. Linda Mediate, Cecee Kane, and Joseph P. Kane, plaintiffs in this consolidated appeal, attempted to challenge in the district court findings of the Special Master regarding their entitlement to benefits resulting from the multi-district litigation class action Settlement Agreement. The district court refused jurisdiction over their challenge and we AFFIRM that judgment.

The Settlement Agreement between the parties provides the following: (1) a settlement plaintiff may apply for settlement benefits by submitting the required forms to the Claims Administrator; (2) the Claims Administrator will then make a determination regarding the plaintiff's entitlement to benefits; (3) if the plaintiff disagrees with the Claims Administrator's determination, he may file an appeal with the court-appointed Special Master; and (4) "[a]ny determination by the special master . . . shall constitute a final and binding determination."

Plaintiffs, who were duly entitled to benefits under the Settlement Agreement, were disqualified from receiving such benefits because their attorneys failed to file their forms in a timely manner with the Claims Administrator. Plaintiffs then challenged their disqualification, proceeding through the steps outlined above. The Special Master ultimately denied their challenge, and plaintiffs then sought to appeal that decision to the district court.

The district court properly refused to hear their challenge, explaining that the Settlement Agreement does not provide for an additional appeal of the special master's determination. Plaintiffs' challenge attacks the terms of the Settlement Agreement, and neither this Court nor the district court has authority to entertain such an attack. *See Brown v. County of Genesee*, 872 F.2d 169, 173 (6th Cir. 1989) (internal quotations omitted) ("[A] court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement."). We adopt the reasoning and conclusion of the district court, and AFFIRM its judgment.